UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| LEROY SIMPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:10-10-DCR |
| ) | |
| V. ) | |
| ) | |
| LADONNA THOMPSON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*

*Pro Se* Plaintiff Leroy Simpson is currently incarcerated in the Daviess County Detention Center (DCDC) in Owensboro, Kentucky. He filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed *in forma pauperis*, in the United States District Court for the Western District of Kentucky. [Record Nos. 1, 2] That court granted him permission to proceed *in forma pauperis* but later transferred the matter to this Court on venue grounds. [Record Nos. 5, 6] The Complaint is now before the Court for initial screening.[1] *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

---

[1] *Pro se* pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

**I.**

Simpson has submitted a form Complaint on which he has identified LaDonna Thompson, the Commissioner of the Kentucky Department of Corrections (KDOC), as the sole Defendant. He alleges that, on June 8, 2007, he was sentenced in state court to a nineteen-year term of imprisonment. [Record No. 1, p. 4] Simpson served the first two years of that sentence in a state prison in the custody of the KDOC. [*Id.*] On August 12, 2009, Simpson was transferred to the DCDC to participate in the KDOC Class D Program, which evidently permits prisoners who committed Class D felonies to live in the local jail to serve their sentences but work in the community. [*See id.*]

Simpson complains, however, that after a background check, the DCDC denied him participation in the program. As a result of this denial, he requested a transfer to another location, as he is a "community level" prisoner "and the Department of Corrections say[s] [he] can work these programs." [*Id.*] After this request was denied, Simpson contacted the State Commissioner's Office, including Deputy Commissioner Kim Potter-Blair, to ask why he was "being locked down [t]here in maximum security unable to do anything to help better [him]self." [*Id.*, p. 4-5] Simpson does not indicate whether he received a response from that office.

Simpson claims that every day he is detained at the DCDC he is denied: (1) a chance to work and earn credits to shorten his sentence; (2) participation in a substance abuse program; and (3) a chance to participate in "the trades programs," which the KDOC also has available to its prisoners. [*Id.*, p. 5] Simpson has asked to be returned to a state facility so

that he might utilize state programs, but this request was also denied. [*Id.*] He now seeks a transfer "back to prison," a change in KDOC policy, and damages. [*Id.*, p. 6]

## II.

To establish a right to relief under § 1983, a plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, a plaintiff must demonstrate that the defendant who allegedly deprived him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Here, Simpson complains of being in the DCDC, not having a job, and not being able to participate in a rehabilitation program, but he does not allege that these conditions violate his rights secured by the Constitution or laws of the United States. In short, he has failed to state a claim upon which a federal court may grant relief under 42 U.S.C. § 1983. A prisoner-plaintiff does not have a federally-cognizable liberty interest in being housed at a particular facility. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . . ." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Nor is the failure of custodians to obtain a job for a prisoner or retain him in a prison job actionable. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job."). Likewise, a prisoner

has no federally-cognizable liberty or property interest in vocational training or rehabilitation. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Murdoch v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (no protected liberty or property interest in attending rehabilitation program); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no liberty interest in inmate classification or eligibility for work programs). Thus, Simpson has failed to state a claim upon which relief may be granted.

## II.

Because Simpson does not allege a deprivation of rights secured by the Constitution or the laws of the United States, he has not asserted a cognizable claim under 42 U.S.C. § 1983. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Leroy Simpson's Complaint is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

This 30th day of March, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge